Nisha Verma (SBN 284130)
*verma.nisha@dorsey.com*
Erica H. Chen (SBN 312806)
*chen.erica@dorsey.com*
Alexandra G. Super (SBN 356635)
*super.alex@dorsey.com*
**DORSEY & WHITNEY LLP**
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626-7655
Telephone:  (714) 800-1400
Facsimile:   (714) 800-1499

*Attorneys for Defendant*
CERTIFIED LABORATORIES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| KATHRYN ALIDO, | Case No.:  2:25-cv-07174 |
|---|---|
| Plaintiff, | [*Los Angeles County Superior Court Case No. 25STCV17855*] |
| vs. | |
| CERTIFIED LABORATORIES, INC and DOES 1 through 50, | **NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT (DIVERSITY)** |
| Defendants. | **[28 U.S.C. §§ 1332, 1441, 1446]** |
| | [*Concurrently Filed Herewith in Support: Appendix; Declarations of Michelle Ricardo & Erica H. Chen; and Civil Cover Sheet*] |
| | Action Initiated:        June 20, 2025<br>Action Removed:      August 4, 2025<br>Trial Date:               None Set |

NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** Defendant CERTIFIED LABORATORIES, INC. (hereinafter as "Defendant") hereby invokes this Court's jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) and removes this action from state court to federal court pursuant to 28 U.S.C. § 1446 *et seq.*

## I.       PROCEDURAL BACKGROUND

1.       On June 20, 2025, Plaintiff KATHRYN ALIDO (hereinafter as "Plaintiff" and/or "ALIDO") filed a civil action in the Superior Court of the State of California for the County of Los Angeles, entitled *Kathryn Alido v. Certified Laboratories, Inc and DOES 1 through 50*, Case No. 25STCV17855 (the "Complaint" and/or "State Court Action").

2.       Defendant was served the Summons and Complaint on June 25, 2025, via substituted service by leaving the documents with the Person Authorized to Accept Service of Process for Defendant at 3125 N. Damon Way, Burbank, CA 91505. *See* Declaration of Michelle Ricardo ("Ricardo Decl."), ¶ 2; Declaration of Erica Chen ("Chen Decl."), ¶ 3. Plaintiff served the Summons and Complaint which attached thereto, the Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment Unlimited Civil Case, and an Alternative Dispute Resolution information sheet. *See* Chen Decl. ¶ 3. True and correct copies of all the foregoing are attached to the Appendix of State Court Pleadings and Documents ("Appendix") as **Exhibits A-F** filed concurrently herewith.

3.       The Complaint asserts eleven causes of action against Defendant for: (1) Pregnancy Discrimination, Violation of Cal. Gov. Code §§ 12940 *et seq.*; (2) Pregnancy Retaliation, Violation of Cal. Gov. Code §§ 12940 *et seq.*; (3) Sex/Gender Discrimination, Violation of Cal. Gov. Code §§ 12940 *et seq.*; (4) Sex/Gender Retaliation, Violation of Cal. Gov. Code §§ 12940 *et seq.*; (5) Actual/Perceived Disability Discrimination, Violation of Cal. Gov. Code §§ 12940 *et seq.*; (6)

1

Actual/Perceived Disability Retaliation, Violation of Cal. Gov. Code §§ 12940 *et seq.*; (7) Violation of the California Pregnancy Disability Leave Law ("PDLL"), Cal. Gov. Code §§ 12945 *et seq.*; (8) Whistleblower Retaliation, Cal. Labor Code § 1102.5; (9) Retaliation and Wrongful Termination in Violation of Public Policy; (10) Violation of California Labor Code § 226(6); (11) Violation of California Labor Code § 1198.5(k).

4.     An Order on Court Fee Waiver was filed by the Superior Court clerk on June 23, 2025. *See* Chen Decl. ¶ 5. A true and correct copy of the Order is attached to the concurrently-filed Appendix as **Exhibit G**.

5.     The Proof of (Substituted) Service of Summons was filed by Plaintiff on June 25, 2025. *See* Chen Decl. ¶ 6. A true and correct copy of the Summons is attached to the concurrently-filed Appendix as **Exhibit H.**

6.     A Notice of Case Management Conference as well as the Clerk's Certificate of Service of Electronic Service of the Notice of Case Management Conference, both filed by the Court on July 10, 2025. *See* Chen Decl. ¶ 7. True and correct copies are attached to the concurrently-filed Appendix as **Exhibits I and J**, respectively.

7.     Defendants filed and served an Answer to the Complaint on July 30, 2025. *See* Chen Decl. ¶ 8. A true and correct copy of the Answer is attached to the concurrently-filed Appendix as **Exhibit K**.

8.     This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

///

NOTICE OF REMOVAL

## II.  COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND DEFENDANT.

### A.  Plaintiff is a Citizen of California.

9.  During the period of Plaintiff's employment, Plaintiff was a resident of the State of California. Ricardo Decl., ¶ 9. In her Complaint, Plaintiff alleges that she "was, and now is, an individual domiciled in the County of Los Angeles, State of California." Complaint, ¶ 1. Accordingly, Plaintiff is, and at all relevant times and from the filing of the Complaint through the date of removal has been, a citizen of California for purposes of determining diversity. 28 U.S.C. § 1332(a).

### B.  Defendant is a Citizen of Delaware and New York.

10.  A corporation is a "citizen" of both the state in which it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is determined pursuant to the "nerve center test." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1184-1185 (2010) (adopting "nerve center" test for establishing principal place of business). A corporation's "nerve center" is where its "officers direct, control, and coordinate the corporation's activities." *Id.* at 1192. "[I]n practice," it is "the place where the corporation maintains its headquarters." *Id.* Additionally, relevant considerations under the "nerve center" test include: (1) where the executives have their offices; (2) where the administrative and financial offices are located and the records kept; (3) where the corporate income tax return is filed; (4) where the "home office" is located; and (5) where day-to-day control of the business is exercised. *See Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal. 1964).

11.  From the time Plaintiff filed her Complaint, through the date of removal, Defendant has been incorporated under the laws of the State of Delaware and has maintained its principal place of business in the State of New York based on the above-articulated "nerve center test". *See Hertz,* 130 S. Ct. at 1184-1185; *see also Unger*, 233 F. Supp. at 716; Ricardo Decl., ¶¶ 4-5. Defendant maintains its

NOTICE OF REMOVAL

headquarters, or its "home office," in Melville, New York, where almost all of its top executives work, direct, control, and coordinate Defendant's activities. Ricardo Decl., ¶¶ 4-5. Defendant also maintains its corporate records and controls business and activities from New York. *Id.* at ¶ 5. Finally, Defendant files its corporate income tax returns in New York. *Id.*

12.    Defendant is not aware that any Doe Defendants have been served with a copy of the Summons and Complaint or named as parties to the State Court Action. *See Id.* at ¶ 3. The Court may disregard unidentified Doe Defendants for purposes of determining whether diversity jurisdiction exists. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

13.    As such, this is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441.

## III.    PLAINTIFF SEEKS DAMAGES IN EXCESS OF $75,000.

14.    "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "In that sense, the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn*, 936 F.3d 920, 927 (9th Cir. 2019) (allowing removing defendant to rely on a "chain of reasoning" in calculating amount in controversy); see also *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (explaining that the amount in controversy includes all amounts "at stake" in the litigation at the time of removal, "whatever the likelihood that [the plaintiff] will actually recover them").

15.    Defendant denies any liability to Plaintiff under any cause of action. Although the Complaint does not quantify the amount of damages sought, for purposes of satisfying the removal requirements only, the allegations place more than $75,000 in controversy.

###### A.    Plaintiff's Claims for Lost Earnings Exceeds the $75,000 Threshold.

16.    Courts separate lost wages or earnings into two categories: (1) past earnings, earnings between the date of Plaintiffs' termination and the date of removal; and (2) future earnings, lost earnings between the date of removal and trial. *Thayer v. Securitas Security Services USA, Inc*., 20-CV-10350-ODW, 2021 U.S. Dist. LEXIS 66845, 2021 WL 1263837, at *2 (C.D. Cal. Apr. 6, 2021). The Complaint seeks both past and future economic damages, including lost earnings, benefits, and other compensatory damages in an amount to be ascertained at the time of trial. *See* Complaint, ¶ 46.

17.    Although Defendant denies each and every one of Plaintiff's claims and factual allegations, assuming Plaintiff's allegations are true for purposes of removal only, at the time of Plaintiff's termination, her annualized wages was $81,130.14 and she was paid approximately $3,120.39 on a bi-weekly basis. *See* Ricardo Decl. ¶ 9. Accordingly, the estimated amount in controversy for lost earnings, from the date of termination to the date of removal, is approximately $32,764.01.[1]

18.    If a plaintiff puts future wages or earnings into controversy, the court may include lost earnings until the date of trial in the amount of controversy. *Reyes v. Staples the Office Superstore, LLC*, No. CV 19-07086-CJC-SKx, 2019 U.S. Dist. LEXIS 150735, 2019 WL 4187847, at * 8 (C.D. Cal. Sept. 3, 2019). Assuming for removal purpose, trial is one year from the date of removal, the estimated in controversy for Plaintiff's future lost earnings is $81,130.14.[2]

19.    As such, based on Plaintiff's lost earnings claims alone, she places more than $75,000 in controversy.

---

[1] Defendant calculated Plaintiff's lost earnings by using Plaintiff's bi-weekly earnings at the time of her termination ($3,120.39) and multiplying by ten and half (21 weeks between March 6, 2025 until August 4, 2025, divided by two). For purposes of streamlining this calculation Defendant excluded the four days that are between March 6, 2025, and August 4, 2025.

[2] Defendant calculated Plaintiff's future lost earnings using Plaintiff's bi-weekly wages and multiplying by 26 (number of weeks Plaintiff worked in a year divided by two).

NOTICE OF REMOVAL

**B.    Plaintiff's Request for Attorney's Fees Help Establish the Minimum Amount in Controversy Requirement.**

20.    Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). In the Complaint, Plaintiffs seek reasonable attorneys' fees and costs pursuant to California Government Code Section 12965(c). *See* Complaint, ¶ 164. As such, these fees may be included in the amount in controversy. Several courts have assumed 100 hours of billed attorney time between the inception of the case and its final disposition to be reasonable. *Wagner v. Wal-Mart Assocs., Inc.*, 668 F. Supp. 3d 1047, 1054 (C.D. Cal. 2023); *see also Lippold v. Godiva Chocolatier, Inc.*, No. C 10-00421 SI, 2010 U.S. Dist. LEXIS 47144, 2010 WL 1526441, at * 11 (N.D. Cal. Apr. 15, 2010) ("attorneys handling wage-and-hour cases typically spend far more than 100 hours on the case"). Further, the certain courts have noted that "attorneys' fees in individual discrimination cases often exceed the damages." *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002). Courts have held that a reasonable rate for employment cases is $300 per hour. *Id. (citing Avila v. Kiewit Corp.*, No 2:19-cv-05740-MWF (JPRx), 2019 U.S. Dist. LEXIS 167288, 2019 WL 4729641, at *6 (C.D. Cal. Sept. 26, 2019).) Accordingly, the Court may find Defendant's estimation of attorney's fees in the amount of $30,000 based upon $300 per hour with 100 hours is reasonable. Plaintiff's claims for lost wages and attorney's fees places more than $75,000 in controversy.

**C.    Plaintiff's Request for Emotional Distress Damages Help Establish the Minimum Amount in Controversy Requirement.**

21.    Plaintiff also seeks damages for emotional distress, "including but not limited to shock, pain, discomfort and/or anxiety" which are authorized under FEHA. *See* Complaint, ¶¶ 33, 41, 64, 71, 92, 101, 102, 119, 120, 319, 398; *Commodore Home Systems, Inc. v. Superior Court*, 32 Cal. 3d 211, 215 (1982) (emotional distress

damages recoverable under FEHA statutory scheme). These emotional distress damages are included in the amount in controversy. *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). Emotional distress damages can be considered when calculating the amount in controversy, even when the amount is vague in the pleadings. *See Jackson v. Ceva Logistics*, 2020 U.S. Dist. LEXIS 72727, *25 (N.D. Cal. Apr. 24, 2020) (J. L.H.K.); *Rodriguez v. Home Depot, U.S.A., Inc.*, 2016 U.S. Dist. LEXIS 94176, *13 (N.D. Cal. July 19, 2016) (C.M.J. J.C.S.). Courts have recognized that "emotional distress damages in a successful employment discrimination case may be substantial." *See, e.g., Simmons*, 209 F. Supp. 2d at 1034 (acknowledging a defendant could establish substantial emotional distress damages when the plaintiff worked for defendant for only four months).

22.    For purposes of establishing the "amount in controversy" requirement, Defendant notes that Plaintiff is seeking damages for emotional distress, and Courts in this district have found that $25,000 is a reasonable minimum estimate of the amount in controversy for employment discrimination actions. *See Canales v. Performance Food Grp., Inc*., No. CV 17-7464, 2017 U.S. Dist. LEXIS 197363, at *11-12 (C.D. Cal. Nov. 30, 2017) (finding that Plaintiff could obtain emotional distress damages of at least $25,000); *Castillo v. ABM Indus*., No. 5:17-cv-01889, 2017 U.S. Dist. LEXIS 192939, at *11 (C.D. Cal. Nov. 20, 2017) (finding $25,000 as a conservative estimate of non-economic damages in a disability discrimination case).

23.    Accordingly, recognizing that emotional distress damages may be substantial and can be reasonably estimated at *a minimum* of $25,000, the emotional distress damages Plaintiff seeks provide additional support that the jurisdictional amount is more than satisfied when combined with the other measures of damages sought.

///

NOTICE OF REMOVAL

### D.  Plaintiff's Request for Punitive Damages Help Establish the Minimum Amount in Controversy Requirement

24.  Punitive damages are considered in determining the amount in controversy, as long as punitive damages are available under the applicable law. *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198-99 (N.D. Cal. 1998); *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995). In California, punitive damages are available for violations of FEHA, as well as for wrongful termination. *Andrade v. Arby's Rest. Group, Inc.*, 225 F. Supp. 3d 1115, 1143 (N.D. Cal. 2016); *Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167, 176 (1980). Indeed, here, Plaintiff seeks punitive damages in eight of her causes of action. *See* Complaint ¶¶ 45, 75, 96, 103, 121, 148, 162, 323, 402 and Prayer.

25.  Defendant strongly maintains that the facts here will ultimately demonstrate that Plaintiff is not entitled to punitive damages; however, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012). For purposes of assessing the amount in controversy, Plaintiff "could receive punitive and emotional distress damages that, standing alone, could meet the $75,000 jurisdictional minimum." *See Stainbrook v. Target Corp.*, 2016 U.S. Dist. LEXIS 74833, at *12 (accepting that "punitive damages are often calculated as a multiplier of compensatory damages.").

26.  Defendant vigorously denies each and every one of Plaintiff's claims and factual allegations; however, the damages that Plaintiff seeks in her Complaint makes clear that the amount in controversy that Plaintiff seeks is far greater than $75,000. *See e.g. Simmons*, 209 F. Supp. 2d at 1031-1035 (Where plaintiff's wage loss alone would have exceeded $56,000 by trial, coupled with punitive damages and attorneys' fees, the court found that "the jurisdictional minimum was clearly satisfied."). Therefore, Defendant has demonstrated it is more likely than not that the

8

amount in controversy exceeds \$75,000. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

27.    Thus, as Defendant has established complete diversity of citizenship, and an amount in controversy exceeding \$75,000, removal to this Court is proper. *See* 28 U.S.C. § 1332(a), 28 U.S.C. § 1441(a).

## IV.    THE PROCEDURAL REMOVAL REQUIREMENTS ARE SATISFIED.

### A.    Venue is Proper.

28.    Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a) and § 1391(a) because it is the district and division embracing the Superior Court of the State of California for the County of Los Angeles, where the State Court Action was filed. *See* 28 U.S.C. § 1446(a) (requiring the notice of removal to be filed in the district court of the United States for the district and division in which the state court action is pending); *id.* § 84(c)(2)(confirming that Los Angeles County falls within the Western Division of the Central District of California).

### B.    This Notice of Removal is Timely Filed.

29.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), which provides, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Here, the Complaint was filed on June 20, 2025. *See* Chen Decl., ¶ 2.  It was served on Defendant on June 25, 2025, by substituted service, thus, the deadline to file the instant Notice of Removal is August 4, 2025. *See* Ricardo Decl., ¶ 2.

///

**C.    Notice to State Court and Adverse Parties Shall Be Provided.**

30.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being provided to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

**D.    All Properly Served Defendants Consent to Removal and There Are No Prior Removals.**

31.    A defendant removing an action to federal court under 28. U.S.C. § 1446 must satisfy the judge-made rule that all properly served defendants in the action must unanimously join or consent to the removal. All defendants who have been "properly … served in the action" must join a petition for removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Non-joining defendants who are not properly served will not render removal defective. *See Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011).

32.    There is only one defendant named in the Complaint and that defendant was properly served. *See* Exhibits A and B to the concurrently-filed Appendix.

33.    As the sole Defendant, Certified Laboratories, Inc. consents to removal. Accordingly, all properly served defendants consent to removal.

34.    No previous Notice of Removal has been filed in relation to the State Court Action. *See* Chen Decl. ¶ 9.

**V.    CONCLUSION**

35.    For the foregoing reasons, federal jurisdiction exists pursuant to 28 U.S.C. § 1332, and this action is removable to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446.

Dated:  August 4, 2025

**DORSEY & WHITNEY LLP**

By: _____
Nisha Verma
Erica H. Chen
Alexandra G. Super
*Attorneys for Defendant*
CERTIFIED LABORATORIES, INC.

10

NOTICE OF REMOVAL